```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
_____
                                    )
UNITED STATES OF AMERICA,           )
          Plaintiff,                )
                                    )
vs.                                 )  Case No.:  8:19-CR-278
                                    )
SANDRO PEDREA NUNEZ,                )
SEGUNDO ARISTBULO ORTIZ SALAZAR,    )
          Defendants.               )
_____)
```

**ELECTRONICALLY RECORDED CHANGE OF PLEA PROCEEDINGS**
**BEFORE THE HONORABLE SEAN P. FLYNN**

**August 29, 2019**
**10:09 a.m. to 11:03 a.m.**

**APPEARANCES:**

| | |
|---|---|
| **FOR THE PLAINTIFF:** | JOSEPH K. RUDDY, ESQUIRE |
| | Assistant United States Attorney |
| | United States Department of Justice |
| | Office of the United States Attorney |
| | 400 North Tampa Street |
| | Suite 3200 |
| | Tampa, Florida 33602 |
| **FOR THE DEFENDANT:** | MARK CIARAVELLA, ESQUIRE |
| **(PEDREA NUNEZ)** | Law Offices of Mark Ciaravella |
| | P.O. Box 1107 |
| | Tampa, Florida 33601 |
| **FOR THE DEFENDANT:** | GRADY C. IRVIN, JR., ESQUIRE |
| **(ORTIZ SALAZAR)** | Irvin Law Firm |
| | P.O. Box 4587 |
| | Plant City, Florida 33563 |
| **ALSO PRESENT:** | SANDRO PEDREA NUNEZ, DEFENDANT |
| | SEGUNDO ARISTBULO ORTIZ SALAZAR, |
| | DEFENDANT |
| | XAVIER KEOGH, INTERPRETER |

(Proceedings recorded by electronic sound recording, transcript produced by computer-aided transcription.)

**TRANSCRIBED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813 ) 317-8286 | r.lockwooduscr@gmail.com
P.O. Box 173496, Tampa, Florida 33672

```
 1              (Call to Order of the Court)
 2              THE COURT:  Morning.
 3              MR. RUDDY:  Good morning, Your Honor.
 4              MR. IRVIN:  Morning.
 5              THE COURT:  Mr. Calderon, would you please call the
 6    case?
 7              THE COURTROOM DEPUTY:  United States of America
 8    versus Sandro Pedrea Nunez and Aristbulo Ortiz Salazar,
 9    8:19-CR-278-T-23SPF.
10              THE COURT:  Please make appearances.
11              MR. RUDDY:  Joseph Ruddy for the government.  Good
12    morning, Your Honor.  I'm standing in for Mr. DeRenzo, who's in
13    trial with Judge Bucklew.
14              THE COURT:  Morning, Mr. Ruddy.
15              MR. RUDDY:  Morning.
16              MR. CIARAVELLA:  Mark Ciaravella for Mr. Pedrea.
17              THE COURT:  Morning, Mr. Ciaravella.
18              MR. CIARAVELLA:  Morning.
19              MR. IRVIN:  Morning, Your Honor.  Grady Irvin.  And
20    to my right, I'm going to give you two names for the record.
21    In this case, he is Aristbulo Ortiz Salaza.  He also had a 2009
22    case in the Middle District.  That name is Segundo Ortiz
23    Salazar, S-a-l-a-z-a-r.  I have the violation of release case
24    with -- I think it's Judge Covington, on which he's under that
25    name.  So I just wanted, for the record, to give both names for
```

                     UNITED STATES DISTRICT COURT

 1   the Court.

 2          THE COURT:  Thank you, Mr. Irvin.  Mr. Irvin, which

 3   name does your client believe to be his legal name?

 4          MR. CIARAVELLA:  I'll let him say for the record,

 5   Your Honor.

 6          THE COURT:  All right.  Thank you.

 7          DEFENDANT SALAZAR:  [Through The Interpreter] Segundo

 8   Ortiz Aristbulo Salazar.  Segundo Ortiz Salazar.  Segundo Ortiz

 9   Salazar.  Aristbulo.  That's my second name.

10          MR. IRVIN:  Let me try this.  Segundo Aristbulo Ortiz

11   Salazar.

12          THE COURT:  All right.

13          MR. IRVIN:  Segundo Aristbulo Ortiz Salazar with an R

14   at the end.

15          THE COURT:  All right.  So, Mr. Salazar, your last

16   name ends with an R.  It's S-a-l-a-z-a-r.  Is that correct?

17          DEFENDANT SALAZAR:  [Through The Interpreter] Yes,

18   yes.

19          MR. IRVIN:  Mr. Ruddy, I think that's how you

20   prosecuted him last time.  Correct?

21          MR. RUDDY:  Yes.

22          THE COURT:  Mr. Irvin, do you have any objection with

23   going forward with the change of plea in light of the fact that

24   your client represents that his name is different than that

25   which appears in the indictment?

                    UNITED STATES DISTRICT COURT

```
 1              MR. IRVIN:  Absolutely none, Your Honor.

 2              THE COURT:  All right.  Mr. Ruddy, I take it you'll

 3    file a motion to correct the indictment?

 4              MR. RUDDY:  I've noted that, Your Honor, and we'll

 5    make an appropriate motion.

 6              THE COURT:  Thank you, Mr. Ruddy.

 7              MR. RUDDY:  Thank you.

 8              THE COURT:  Mr. Nunez -- Mr. Calderon, would you

 9    please swear the interpreter?

10         (The Interpreter Is Sworn.)

11              THE INTERPRETER:  Xavier Keogh, K-e-o-g-h.

12              Good morning, Your Honor.

13              THE COURT:  Good morning.  Thank you for being here.

14              Let me begin with Mr. Nunez.  Mr. Nunez, do you like

15    to be referred to as Mr. Nunez or Mr. Pedrea?

16              DEFENDANT PEDREA:  [Through The Interpreter] Yes, you

17    could do that.

18              THE COURT:  Well, which one?  How would you like for

19    me to refer to you?

20              DEFENDANT PEDREA:  [Through The Interpreter] As you

21    like, Pedrea.

22              THE COURT:  Pedrea.  All right.  Mr. Pedrea, it's my

23    understanding that you're here today because you wish to plead

24    guilty to Count 1 of the indictment, pursuant to a plea

25    agreement.
```

UNITED STATES DISTRICT COURT

1               Is that correct?

2               DEFENDANT PEDREA:  [Through The Interpreter] Yes.

3               THE COURT:  All right.  And, Mr. Ortiz Salazar, would

4    you like for me to call you Mr. Ortiz?

5               DEFENDANT SALAZAR:  [Through The Interpreter]

6    Salazar.

7               THE COURT:  Salazar.  All right.  Mr. Salazar, it's

8    my understanding that you're also here today because you wish

9    to plead guilty to Count 1, pursuant to a plea agreement.

10              Is that correct?

11              DEFENDANT SALAZAR:  [Through The Interpreter]

12   Correct.  Okay.

13              THE COURT:  All right.  Gentlemen, both of you have

14   the right to plead guilty to this charge, but before the Court

15   can accept your guilty plea, I must find you're doing so

16   knowingly, freely, and voluntarily.

17              In order for me to make that determination, I'm going

18   to have to ask you some questions here this morning, and I'm

19   going to require that both of you answer those questions under

20   oath.

21              Do you understand, Mr. Pedrea?

22              DEFENDANT PEDREA:  [Through The Interpreter] Yes,

23   sir.

24              THE COURT:  And do you understand, Mr. Salazar?

25              DEFENDANT SALAZAR:  [Through The Interpreter] Okay.

```
 1              THE COURT:  Now, if at any time this morning I say
 2   something that either of you does not understand, please let me
 3   know and I will try to explain it.  You can also ask your
 4   attorney to explain it to you.  In fact, each of you can speak
 5   with your attorney about any matter at any time during this
 6   proceeding.  And if you'd like an opportunity to speak with
 7   your attorney in private, just let me know, and we'll take a
 8   break, and I will give you that opportunity.
 9              Do you understand, Mr. Pedrea?
10              DEFENDANT PEDREA:  [Through The Interpreter] Yes,
11   sir.
12              THE COURT:  Do you understand, Mr. Salazar?
13              DEFENDANT SALAZAR:  [Through The Interpreter] Okay.
14   Yeah.
15              THE COURT:  All right.  Mr. Salazar, this proceeding
16   is being recorded, so when I ask you a question, I'm going to
17   need you to answer instead of just nodding your head.
18              DEFENDANT SALAZAR:  [Through The Interpreter] Okay.
19   Okay.  Yes.  Okay.  Yes.
20              THE COURT:  All right.  Thank you, Mr. Salazar.
21              We're going to begin by Mr. Calderon is going to
22   administer the oath, beginning with Mr. Pedrea.  If you'd
23   please stand.
24              THE COURTROOM DEPUTY:  Please raise your right hand.
25         (The Defendant Is Sworn.)
```

```
 1                    THE COURTROOM DEPUTY:  Please state your name for the
 2       record.
 3                    DEFENDANT PEDREA:  [Through The Interpreter] Sandro
 4       Pedrea Nunez.
 5                    THE COURTROOM DEPUTY:  Thank you.  You may be seated,
 6       sir.
 7                    THE COURT:  All right.  Now, Mr. Salazar, if you'd
 8       please stand.
 9            (The Defendant Is Sworn.)
10                    THE COURTROOM DEPUTY:  Please state your name for the
11       record.
12                    DEFENDANT SALAZAR:  [Through The Interpreter] Segundo
13       Salazar Aristbulo.
14                    THE COURTROOM DEPUTY:  Thank you.  You may be seated.
15                    DEFENDANT SALAZAR:  [Through The Interpreter] Okay.
16                    THE COURT:  Mr. Salazar, that name that you just said
17       was different than the name you gave me to begin this hearing.
18                    What is your actual name, sir?
19                    DEFENDANT SALAZAR:  [Through The Interpreter] My
20       correct name is Segundo Aristbulo Ortiz Salazar.
21                    THE COURT:  Thank you, Mr. Salazar.
22                    MR. IRVIN:  Judge, that is in the body of the plea
23       agreement in that first paragraph exactly as he stated, first
24       full paragraph.
25                    THE COURT:  I see that.  Thank you, Mr. Irvin.
```

UNITED STATES DISTRICT COURT

```
 1                    MR. IRVIN:  Thanks, Your Honor.
 2                    DEFENDANT SALAZAR:  [Through The Interpreter] Okay.
 3                    THE COURT:  Mr. Pedrea and Mr. Salazar, you've each
 4       just taken the oath to tell the truth.  If you do not tell the
 5       truth or you leave anything important out, anything you say may
 6       be used against you in a separate prosecution for perjury or
 7       making a false statement.
 8                    Do you understand, Mr. Pedrea?
 9                    DEFENDANT PEDREA:  [In English] Yes, sir.
10                    THE COURT:  Do you understand, Mr. Salazar?
11                    DEFENDANT SALAZAR:  [In English] Yes.  Okay.
12                    THE COURT:  In addition, anything you say can be used
13       against you if you challenge the taking of the plea, the
14       judgment, the conviction, or the sentence, and it may also be
15       used against you in any proceeding -- excuse me, in any
16       immigration or deportation proceeding.
17                    Do you understand, Mr. Pedrea?
18                    DEFENDANT PEDREA:  [In Spanish] Si, senor.
19                    THE COURT:  Do you understand, Mr. Salazar?
20                    DEFENDANT SALAZAR:  [In English] Yes.
21                    THE COURT:  All right.  We're going to begin by --
22       I'm going to ask you some questions to determine your
23       competency here this morning, and I'm going to begin with
24       Mr. Pedrea.
25                    Mr. Pedrea, how old are you, sir?
                          UNITED STATES DISTRICT COURT
```

```
 1                DEFENDANT PEDREA:  [Through The Interpreter]
 2   Forty-one.
 3                THE COURT:  How far did you go in school, sir?
 4                DEFENDANT PEDREA:  [Through The Interpreter] Middle
 5   school.
 6                THE COURT:  Can you read, write, and understand
 7   English, sir?
 8                DEFENDANT PEDREA:  [Through The Interpreter] No, sir.
 9                THE COURT:  Do you understand Spanish?
10                DEFENDANT PEDREA:  [Through The Interpreter] Yes,
11   sir.
12                THE COURT:  And do you understand the Spanish as
13   spoken by the interpreter here today?
14                DEFENDANT PEDREA:  [Through The Interpreter] Yes,
15   sir.
16                THE COURT:  As you sit here today, are you under the
17   influence of any drugs, alcohol, or medication?
18                DEFENDANT PEDREA:  [Through The Interpreter] No, sir.
19                THE COURT:  To the best of your knowledge, are you
20   currently suffering from any mental or emotional disease?
21                DEFENDANT PEDREA:  [Through The Interpreter] No, sir.
22                THE COURT:  Is your mind clear?
23                DEFENDANT PEDREA:  [Through The Interpreter] Yes,
24   sir.
25                THE COURT:  And do you clearly understand where you
```

1    are, what you're doing, and the importance of this proceeding?

2              DEFENDANT PEDREA:  [Through The Interpreter] Yes,

3    sir.

4              THE COURT:  Mr. Ciaravella, do you have any concerns

5    regarding your client's competency at this time?

6              MR. CIARAVELLA:  No, Your Honor.

7              THE COURT:  Mr. Ruddy, are there any other questions

8    you'd like for me to ask Mr. Pedrea regarding his competency?

9              MR. RUDDY:  No, Your Honor.  I don't believe any

10   further questions are necessary.

11             THE COURT:  Thank you, Mr. Ruddy.

12             The Court finds Mr. Pedrea competent and will

13   continue.

14             Mr. Salazar, I'm going to ask you the same questions.

15             How old are you, sir?

16             DEFENDANT SALAZAR:  [Through The Interpreter]

17   Forty-nine years old.

18             THE COURT:  And how far did you go in school, sir?

19             DEFENDANT SALAZAR:  [Through The Interpreter] Second

20   of primary.

21             THE COURT:  Okay.  Can you read, write, and

22   understand English?

23             DEFENDANT SALAZAR:  [Through The Interpreter] A

24   little bit, a little bit.

25             THE COURT:  All right.  Do you understand Spanish?

                    UNITED STATES DISTRICT COURT

1    DEFENDANT SALAZAR:  [Through The Interpreter]

2    Correct.

3    THE COURT:  And do you understand the Spanish as

4    spoken by the interpreter here today?

5    DEFENDANT SALAZAR:  [Through The Interpreter] Okay.

6    Okay.  Okay.

7    THE COURT:  That's a yes?

8    DEFENDANT SALAZAR:  [Through The Interpreter] Yes,

9    yes.

10    THE COURT:  As you sit here today, are you under the

11    influence of any drugs, alcohol, or medication?

12    DEFENDANT SALAZAR:  [Through The Interpreter] No.

13    THE COURT:  To the best of your knowledge, are you

14    currently suffering from my mental or emotional disease?

15    DEFENDANT SALAZAR:  [Through The Interpreter] No.

16    THE COURT:  Is your mind clear?

17    DEFENDANT SALAZAR:  [In English] Yes, yes.

18    THE COURT:  Do you clearly understand where you are,

19    what you're doing and the importance of this proceeding?

20    DEFENDANT SALAZAR:  [In English] Yes.

21    THE COURT:  All right.  Mr. Irvin, do you have any

22    concerns regarding your client's competency at this time?

23    MR. IRVIN:  No, Your Honor.  In a number of meetings

24    with Mr. Ortiz Salazar, he's demonstrated to me that he was

25    competent.  He was able to tell me about routes.  He told me

UNITED STATES DISTRICT COURT

1    about different countries.  He was able to tell me about his

2    family.  He was able to -- fluid in his speech with me in the

3    presence of interpreters, so I notice nothing with regards to

4    competence.

5             THE COURT:  Thank you.

6             MR. IRVIN:  He's always been able to communicate with

7    me.  Correct?  You've always been able to communicate with me.

8    Correct?

9             DEFENDANT SALAZAR:  [Through The Interpreter]

10   Correct.

11            THE COURT:  All right.  Thank you, Mr. Salazar.

12            And thank you, Mr. Irvin.

13            Mr. Ruddy, are there any other questions you'd like

14   for me to ask Mr. Salazar regarding his competency?

15            MR. RUDDY:  No, Your Honor.

16            THE COURT:  All right.  The Court finds Mr. Salazar

17   competent and will continue.

18            Now, gentlemen, I'm a United States magistrate judge.

19   Your case is assigned to Chief District Judge Stephen Merryday.

20   Now, a magistrate judge is a judge of lesser authority.  You

21   each have the right to have your guilty plea taken by the

22   district judge, or you can consent to have it taken by me here

23   this morning.  If you consent to have your guilty plea taken by

24   me, it will still be the district judge who decides whether to

25   accept your plea.  If he accepts your plea, he will be the one

                  UNITED STATES DISTRICT COURT

1    who imposes your sentence.  I will not be the judge who

2    sentences you.

3            Now, I have with me on the bench consent forms that

4    appear to be signed by both of you and your attorneys,

5    indicating that you wish to consent to have your guilty plea

6    taken by me here this morning.

7            Mr. Pedrea, is that what you would like to do?

8            DEFENDANT PEDREA:  [Through The Interpreter] Yes,

9    sir.

10           THE COURT:  And, Mr. Salazar, is that what you'd like

11   to do?

12           DEFENDANT SALAZAR:  [In English] Yes.

13           THE COURT:  All right.  Mr. Pedrea, the consent form

14   is written in English.  Did anyone read it to you in Spanish

15   before you signed it?

16           DEFENDANT PEDREA:  [Through The Interpreter] Yes,

17   Your Honor.

18           THE COURT:  Did you discuss with your attorney your

19   decision to consent to me?

20           DEFENDANT PEDREA:  [Through The Interpreter] Yes,

21   sir.

22           THE COURT:  Did anyone force, threaten, coerce, or

23   intimidate you regarding your decision to consent to me?

24           DEFENDANT PEDREA:  [Through The Interpreter] No, sir.

25           THE COURT:  All right.  Mr. Salazar, your consent

                    UNITED STATES DISTRICT COURT

1  form is also written in English.  Did anyone read it to you in

2  Spanish before you signed it?

3          DEFENDANT SALAZAR:  [In English] Yes.

4          THE COURT:  And did you discuss with your attorney

5  your decision to consent to me?  Did you talk to Mr. Irvin

6  regarding whether you should consent to me to have your plea

7  taken this morning by me?

8          DEFENDANT SALAZAR:  [In English] Yes.

9          THE COURT:  All right.  And did anyone force,

10 threaten, coerce, or intimidate you regarding your decision to

11 consent to me?

12         DEFENDANT SALAZAR:  [In English] No.  Yes.  No.  Yes.

13 Yes.  Yes.

14         THE COURT:  All right.  I find that both of your

15 waivers and consent are made knowingly, freely, and

16 voluntarily, and therefore I will continue.

17         Mr. Pedrea, have you had the opportunity to discuss

18 all the facts and evidence in this case with your attorney?

19         DEFENDANT PEDREA:  [In English] Yes, sir.

20         THE COURT:  Have you discussed with your attorney all

21 your options in this case, including your option to take your

22 case to trial?

23         DEFENDANT PEDREA:  [In English] Yes, sir.

24         THE COURT:  And has your attorney done everything

25 you've asked him to do?

UNITED STATES DISTRICT COURT

1              DEFENDANT PEDREA:  [In English] Yes, sir.

2              THE COURT:  Are you fully satisfied with the advice

3   and representation that you've received from your attorney?

4              DEFENDANT PEDREA:  [In English] Yes, sir.

5              THE COURT:  All right.  Mr. Salazar, I'm going to ask

6   you the same questions.

7              Have you had the opportunity to discuss all the facts

8   and evidence in this case with your attorney?

9              DEFENDANT SALAZAR:  [In English] Yes.

10             THE COURT:  And have you discussed with your attorney

11  all your options in this case, including your option to take

12  your case to trial?

13             DEFENDANT SALAZAR:  [In English] Yes.

14             THE COURT:  Has your attorney done everything you've

15  asked him to?

16             DEFENDANT SALAZAR:  [In English] Yes.

17             THE COURT:  Are you fully satisfied with the advice

18  and representation you've received from your attorney?

19             DEFENDANT SALAZAR:  [In English] Yes.

20             THE COURT:  All right.  Gentlemen, I'm now going to

21  go over the rights that you have, to make sure that you are

22  making an informed decision.  So I'm going to ask you to please

23  listen carefully.

24             You have the right to have the assistance of an

25  attorney at trial and at every stage of these criminal

                    UNITED STATES DISTRICT COURT

1   proceedings, whether or not you can afford one.  Now, this

2   right continues whether you plead guilty or not guilty.

3          You have the right to plead not guilty, as you've

4   previously done, and to continue with that plea.  If you

5   continue with your plea of not guilty, you have the following

6   rights under the United States Constitution and laws of the

7   United States.

8          You have the right to a speedy and public trial and

9   to be tried by a jury of 12 people.  If you're tried by a jury,

10  all 12 jurors must unanimously agree on your guilt before you

11  can be convicted.

12         You are presumed innocent.  And before you can be

13  found guilty, the burden of proof is on the government to prove

14  your guilt by competent and sufficient evidence beyond a

15  reasonable doubt.  You do not have to prove that you are

16  innocent.

17         Now, at your trial, witnesses for the United States

18  must come into the courtroom and testify in front of you, and

19  you have the right to confront those witnesses, that is, to

20  see, hear, question, and cross-examine them.

21         You also have the right to present your own evidence

22  and to present your own witnesses.  And if your witnesses will

23  not come voluntarily, the Court can issue orders to make them

24  come, to compel their attendance.

25         You also have the right to choose whether to testify

                    UNITED STATES DISTRICT COURT

1    at your trial.  The choice to testify would be entirely up to

2    you.  And if you choose not to testify, that decision cannot be

3    held against you.

4           Mr. Pedrea, do you understand these rights?

5           DEFENDANT PEDREA:  [Through The Interpreter] Yes,

6    Your Honor.

7           THE COURT:  Mr. Salazar, do you understand these

8    rights?

9           DEFENDANT SALAZAR:  [In English] Yes, yes.

10           THE COURT:  Now, if you plead guilty to Count 1, you

11    will waive and give up the trial rights I just told you about.

12    There will be no trial.  And on your guilty plea, the district

13    judge will find you guilty and convict you.

14           Now, a plea of guilty admits the truth of the charge

15    in Count 1, and a plea of not guilty denies the charge.

16           Mr. Pedrea, do you understand the difference between

17    pleading guilty and not guilty?

18           DEFENDANT PEDREA:  [In English] Yes, sir.

19           THE COURT:  Mr. Salazar, do you understand the

20    difference between pleading guilty and not guilty?

21           DEFENDANT SALAZAR:  [In English] Yes.

22           THE COURT:  By pleading guilty, you waive and give up

23    your right to trial, to confrontation and cross-examination of

24    government witnesses, and to the compulsory process for

25    attendance of defense witnesses at trial.  By pleading guilty,

UNITED STATES DISTRICT COURT

1    you also waive and give up the right to challenge the way in

2    which the government obtained any evidence, statement, or

3    confession.

4            In addition, by pleading guilty, you may lose the

5    right to challenge on appeal any rulings which the Court has

6    made in your case.

7            Because there would be no trial, the next proceeding

8    would be your sentencing.

9            Mr. Pedrea, do you fully understand your rights and

10   the rights you'd be giving up by pleading guilty?

11           DEFENDANT PEDREA:  [In English] Yes, sir.

12           THE COURT:  Mr. Salazar, do you fully understand your

13   rights and the rights you'd be giving up by pleading guilty?

14           DEFENDANT SALAZAR:  [In English] Yes.

15           THE COURT:  By pleading guilty to this felony, you

16   may lose certain civil rights, such as the right to vote, to

17   hold public office, to serve on juries, and to own and possess

18   firearms.  A felony conviction may also prevent you from

19   obtaining or keeping certain occupational licenses.

20           And because the offense to which you're pleading

21   guilty is a drug crime, you may also lose the right to

22   participate in certain federal benefit programs.

23           Now, if convicted, a defendant who is not a United

24   States citizen may be removed from the United States, denied

25   citizenship, and denied admission to the United States in the

UNITED STATES DISTRICT COURT

1    future.

2         Mr. Pedrea, do you understand the consequences of

3    pleading guilty?

4         DEFENDANT PEDREA:  [In English] Yes, sir.

5         THE COURT:  Mr. Salazar, do you understand the

6    consequences of pleading guilty?

7         DEFENDANT SALAZAR:  [In English] Yes.

8         THE COURT:  All right.  Gentlemen, I'm now going to

9    go over the charge to which you'll be pleading guilty.  Now,

10   according to your plea agreement, each of you will be entering

11   a plea of guilty as to Count 1 of the indictment.

12        Now, Count 1 charges you with conspiracy to possess

13   with the intent to distribute five kilograms or more of a

14   substance or a mixture containing a detectable amount of

15   cocaine, a Schedule II controlled substance, while on board a

16   vessel subject to the jurisdiction of the United States, in

17   violation of 46 U.S. C Sections 70503(a), 70506(a) and (b), and

18   are punishable under 21 U.S.C. Section 960(b)(1)(B)(ii).

19        Now, the elements of Count 1, which the government

20   must prove beyond a reasonable doubt are the following:

21        First, that two or more persons in some way or manner

22   came to a mutual understanding to try to accomplish a shared

23   and unlawful plan as charged in the indictment; second, that

24   the defendant knowing the unlawful purpose of the plan

25   willfully joined in it; and, third, that the object of the

                    UNITED STATES DISTRICT COURT

1   unlawful plan was to possess with the intent to distribute

2   five kilograms or more of a mixture or substance containing a

3   detectable amount of cocaine.

4           Although not an element of the offense charged in

5   Count 1, the government has the burden of establishing that the

6   subject vessel was subject to the jurisdiction of the United

7   States.  Whether a vessel is subject to the jurisdiction of the

8   United States is a preliminary question of law to be determined

9   by the trial judge, rather than an element of the offense

10  submitted to the jury.

11          Mr. Ruddy, did I accurately state the elements of

12  Count 1?

13          MR. RUDDY:  Yes, sir.

14          THE COURT:  Mr. Ciaravella?

15          MR. CIARAVELLA:  Yes, Your Honor.

16          THE COURT:  Mr. Irvin?

17          MR. IRVIN:  Yes, Your Honor.

18          THE COURT:  Mr. Pedrea, do you understand the charge

19  against you and the elements of that charge.

20          DEFENDANT PEDREA:  [In English] Yes, sir.

21          THE COURT:  Mr. Salazar, do you understand the charge

22  against you and the elements of that charge?

23          DEFENDANT SALAZAR:  [In English] Yes.

24          THE COURT:  All right.  Gentlemen, I'm now going to

25  go over the minimum and maximum penalties that you face.

1    Count 1 is punishable by a mandatory minimum term of
2  imprisonment of ten years up to life, a fine of up to
3  $10 million, a term of supervised release of at least five
4  years up to life, and a special assessment of a hundred
5  dollars.

6    Now, a minimum sentence of ten years' imprisonment up
7  to life may be imposed because of the following facts that will
8  be admitted by you and established by your plea of guilty.
9  Those facts are as follows:

10    The weight of the substance that the defendant
11  conspired to possess with intent to distribute was
12  five kilograms or more of a mixture or substance containing a
13  detectable amount of cocaine.

14    Now, Mr. Salazar, with respect to you, because of
15  your -- well, I need to say this differently.

16    Mr. Salazar, with respect to you, it is the
17  government's position that because you have a prior conviction,
18  which constitutes a serious drug felony, under
19  21 U.S.C. Section 802(57), that you are subject upon conviction
20  of the offense charged in Count 1 to enhanced penalties
21  described in 21 U.S.C. Section 960(b)(1)(B), including a
22  mandatory minimum term of imprisonment of 15 years and a
23  maximum term of imprisonment of life, a fine not to exceed the
24  greater of twice that authorized in accordance with the
25  provisions of Title 18 or $20 million, and a minimum term of

UNITED STATES DISTRICT COURT

 1   supervised release of ten years up to life.

 2          Mr. Ruddy, did I accurately state the minimum and

 3   maximum penalties forr each defendant?

 4          MR. RUDDY:  You did, Your Honor.

 5          THE COURT:  Mr. Ciaravella?

 6          MR. CIARAVELLA:  Yes, Your Honor.

 7          THE COURT:  Mr. Irvin?

 8          MR. IRVIN:  Yes, Your Honor.

 9          THE COURT:  Mr. Pedrea, do you understand the minimum

10   and maximum penalties you face?

11          DEFENDANT PEDREA:  [In English] Yes, sir.

12          THE COURT:  And, Mr. Salazar, do you understand the

13   minimum and maximum penalties that you face?

14          DEFENDANT SALAZAR:  [In English] Yes.

15          THE COURT:  All right.  Gentlemen, I'm going to take

16   a moment to explain to you supervised release, which will be

17   part of your sentence.

18          After you're released from prison, the Court will

19   place you on a term of supervised release, which will include

20   certain restrictions on your behavior.  Now, if you violate any

21   of those restrictions while on supervised release, the Court,

22   after conducting a hearing, could revoke your supervised

23   release, and sentence you to additional jail time.  Now, this

24   is true, even if you've been deported.

25          Do you understand, Mr. Pedrea?

                      UNITED STATES DISTRICT COURT

1          DEFENDANT PEDREA:  [In English] Yes, sir.

2          THE COURT:  Do you understand, Mr. Salazar?

3          DEFENDANT SALAZAR:  [In English] Yes.

4          THE COURT:  All right.  Mr. Pedrea, do you have any

5    questions about anything we've gone over so far?

6          DEFENDANT PEDREA:  [Through The Interpreter] No.

7          THE COURT:  All right.  Mr. Salazar, do you have any

8    questions about anything we've gone over so far?

9          DEFENDANT SALAZAR:  [In English] Yes.

10         THE COURT:  All right.  Gentlemen, I'm now going to

11   explain sentencing to you.  The United States Sentencing

12   Guidelines apply to your case, and I want to make sure you

13   understand how the sentencing process works.  Now, in

14   determining your sentence, the district judge must calculate

15   the applicable Sentencing Guidelines range.

16         Now, before the district judge can calculate this

17   range, the United States Probation Office will prepare the

18   presentence investigation report.  Now, the purpose of this

19   report, known as a PSR, is to assist the sentencing judge in

20   deciding what sentence to give you.  It will advise the judge

21   about the facts of your case, how the advisory Sentencing

22   Guidelines apply to you, and provide some personal information

23   about you, including whether you have a criminal history.

24         Now, before the district judge sees this report, each

25   of you will have the opportunity to review it with your

                    UNITED STATES DISTRICT COURT

1    attorney.  If you or your attorney disagrees with anything in

2    the report, you can ask the probation officer to change the

3    report.  Now, if the probation officer refuses to change the

4    report, your attorney can take your objections to the district

5    judge.  And just as you have the right to object to what's in

6    the report, so does the prosecution.

7            Do you understand, Mr. Pedrea?

8            DEFENDANT PEDREA:  [In English] Yes, sir.

9            THE COURT:  Do you understand, Mr. Salazar?

10           DEFENDANT SALAZAR:  [In English] Yes.

11           THE COURT:  All right.  In determining your sentence,

12   the district judge must consider that range and any possible

13   departures under the Sentencing Guidelines and the factors in

14   18 U.S.C. Section 3553(a).

15           Now, the district judge is not bound by the advisory

16   Guidelines range.  The district judge has the authority to

17   impose a sentence that is more severe or less severe than the

18   Guidelines recommend.  He has the authority to impose any

19   sentence up to the maximum allowed by law.

20           Now, the United States may appeal a sentence that the

21   district judge imposes.  That means they may ask a higher

22   court, the court of appeals, to reverse a sentence that they

23   believe is too low or based on Sentencing Guidelines

24   miscalculation.

25           Now, the sentence the district judge imposes may be

                    UNITED STATES DISTRICT COURT

```
 1    different from any estimated sentence that your attorney or
 2    anyone else may have given you.  It might be higher than you
 3    expect.  And if that happens, you'd still be bound by your
 4    guilty plea and would not have the right to withdraw it.
 5              Do you understand, Mr. Pedrea?
 6              DEFENDANT PEDREA:  [In English] Yes, sir.
 7              THE COURT:  And do you understand, Mr. Salazar?
 8              DEFENDANT SALAZAR:  [In English] Yes.
 9              THE COURT:  All right.  Gentlemen, I'm now going to
10    address your plea agreements.
11              Mr. Pedrea, do you have a copy of your plea agreement
12    in front of you, sir?
13              DEFENDANT PEDREA:  [In English] Yes, sir.
14              THE COURT:  Mr. Salazar, do you have a copy of your
15    plea agreement in front of you?
16              DEFENDANT SALAZAR:  [In English] Yes.
17              THE COURT:  All right.  Mr. Pedrea, your plea
18    agreement is written in English.  Did anyone read it to you in
19    Spanish?
20              DEFENDANT PEDREA:  [In English] Yes, sir.
21              THE COURT:  All right.  Could you please confirm that
22    those are your initials that appear at the bottom of each page
23    of the plea agreement.
24              DEFENDANT PEDREA:  [In English] Yes.  Yes.  Yes, sir.
25              THE COURT:  Is that your signature on the last page,
```

1    sir?

2              DEFENDANT PEDREA:  [In English] Yes, sir.

3              THE COURT:  All right.  Did anyone read this plea

4    agreement to you in Spanish before you initialed each page and

5    signed the last page?

6              DEFENDANT PEDREA:  [In English] Yes, sir.

7              THE COURT:  Did you review this plea agreement with

8    your attorney before you initialed each page and signed the

9    last page?

10             DEFENDANT PEDREA:  [In English] Yes, sir.

11             THE COURT:  Were all your questions regarding the

12   plea agreement answered before you initialed each page and

13   signed the last page?

14             DEFENDANT PEDREA:  [In English] Yes, sir.

15             THE COURT:  And did you fully understand all of the

16   provisions of your plea agreement before you initialed each

17   page and signed the last page?

18             DEFENDANT PEDREA:  [In English] Yes, sir.

19             THE COURT:  And are you willing to be bound by the

20   entire plea agreement?

21             DEFENDANT PEDREA:  [In English] Yes, sir.

22             THE COURT:  All right.  Mr. Salazar, I'm going to ask

23   you the same questions.  Are those your initials that appear at

24   the bottom of each page of your plea agreement and your

25   signature on the last page?

                      UNITED STATES DISTRICT COURT

1          DEFENDANT SALAZAR:  [In English] Yes.

2          THE COURT:  And was this plea agreement read to you

3    in Spanish before you initialed each page and signed the last

4    page?

5          DEFENDANT SALAZAR:  [In English] Yes.

6          THE COURT:  Did you review this plea agreement with

7    your attorney before you initialed each page and signed the

8    last page?

9          DEFENDANT SALAZAR:  [In English] Yes.

10         THE COURT:  Were all your questions regarding the

11   plea agreement answered before you initialed each page and

12   signed the last page?

13         DEFENDANT SALAZAR:  [In English] Yes.

14         THE COURT:  Did you fully understand all the

15   provisions of the plea agreement before you initialed each page

16   and signed the last page?

17         DEFENDANT SALAZAR:  [In English] Yes.

18         THE COURT:  And are you willing to be bound by the

19   entire plea agreement?

20         DEFENDANT SALAZAR:  [In English] Yes.

21         THE COURT:  Mr. Ciaravella, were there any other

22   formal offers presented by the government, and if so, did you

23   present to them to your client?

24         MR. CIARAVELLA:  There were no other formal offers

25   presented, Your Honor.

                    UNITED STATES DISTRICT COURT

```
1                THE COURT:  Thank you.

2                Mr. Irvin, same question?

3                MR. IRVIN:  No, Your Honor.

4                THE COURT:  There were no other formal offers?

5                MR. IRVIN:  No other formal offers.

6                THE COURT:  Thank you, sir.

7                Gentlemen, I'm now going to highlight certain

8      provisions of your plea agreement for you.  It's important for

9      you to understand that you're going to be bound by the entire

10     plea agreement, not just those provisions that we go over here

11     this morning.

12               Do you understand, Mr. Pedrea?

13               DEFENDANT PEDREA:  [In English] Yes, sir.

14               THE COURT:  Do you understand, Mr. Salazar?

15               DEFENDANT SALAZAR:  [In English] Yes.

16               THE COURT:  All right.  I'm going to begin by

17     addressing acceptance of responsibility.

18               Mr. Pedrea, that can be found on Page 4 at

19     Paragraph 8 of your plea agreement.

20               And, Mr. Salazar, it can be found on Page 5,

21     Paragraph 8 of your plea agreement.

22               Now, on that paragraph, United States agrees to

23     recommend that you receive a two-level downward adjustment to

24     your Guidelines offense level.  It doesn't later receive any

25     adverse information indicating that the recommendation is
```

UNITED STATES DISTRICT COURT

1    unwarranted.  The United States also agrees to consider moving

2    for another one-level downward adjustment to your Guidelines

3    offense level, that explains that that decision to file such a

4    motion rests solely with the United States attorney.  You've

5    each agreed that you will not challenge that decision.

6              Do you understand, Mr. Pedrea?

7              DEFENDANT PEDREA:  [In English] Yes, sir.

8              THE COURT:  Do you understand, Mr. Salazar?

9              DEFENDANT SALAZAR:  [In English] Yes.

10             THE COURT:  All right.  Next I'm going to address the

11   paragraph entitled "Low End."

12             Mr. Pedrea, this can be found on Page 5 at

13   Paragraph 9 of your plea agreement.

14             And, Mr. Salazar, it can be found on Page 6,

15   Paragraph 9 of your plea agreement.

16             Now, at the time of sentencing, in the event that no

17   adverse information is received suggesting that the

18   recommendation to be unwarranted, the United States will not

19   oppose your request that you receive a sentence at the low end

20   of the applicable Guidelines range, as calculated by the Court.

21             Now, each of you understands that this recommendation

22   or request is not binding on the Court.  If not accepted by the

23   Court, you will not be allowed to withdraw from your plea.

24             Mr. Ciaravella?

25             MR. CIARAVELLA:  Your Honor, Mr. Pedrea has an

UNITED STATES DISTRICT COURT

1    emergency bathroom issue.

2              THE COURT:  Sure.  We'll take a brief recess.

3              THE COURT SECURITY OFFICER:  All rise.

4         (Recess from 10:44 a.m. to 10:47 a.m.)

5              THE COURT:  Is the government ready to proceed?

6              MR. RUDDY:  Yes, Your Honor.

7              THE COURT:  Mr. Ciaravella, are you ready to proceed?

8              MR. CIARAVELLA:  Yes, Your Honor.

9              THE COURT:  Mr. Irvin, are you ready to proceed?

10             MR. IRVIN:  Yes, Your Honor.

11             THE COURT:  All right.  Mr. Pedrea, I was addressing

12   the "Low End" provision of your plea agreement, and I'm not

13   sure if you heard the whole thing.  I think at some point you

14   took your headphones off.  So I'm going to go over it one more

15   time to make sure you understand.

16             Now, the paragraph entitled "Low End," at the time of

17   sentencing, in the event that no adverse information is

18   received suggesting that the recommendations be unwarranted,

19   the United States will not oppose your request to the Court

20   that you receive a sentence at the low end of the applicable

21   Guidelines range, as calculated by the Court.  And you

22   understand that this recommendation or request is not binding

23   on the Court, and if not accepted by the Court, you will not be

24   allowed to withdraw from your plea.

25             Do you understand, Mr. Pedrea?

                     UNITED STATES DISTRICT COURT

```
 1                    DEFENDANT PEDREA:  [In English] Yes, sir.

 2                    THE COURT:  Do you understand, Mr. Salazar?

 3                    DEFENDANT SALAZAR:  [In English] Yes.

 4                    THE COURT:  Next, I'm going to address "Substantial

 5     Assistance," which can be found on Page 6, Paragraph 10 in both

 6     of your plea agreements.

 7                    On that paragraph, the United States agrees to

 8     consider moving for a downward departure from the Sentencing

 9     Guidelines or the statutory minimum to account for assistance

10     you provide that the United States deems substantial.  But the

11     United States reserves its discretion to decide what

12     constitutes substantial assistance and whether to file such a

13     motion.  And you each agree that you will not challenge those

14     decisions.

15                    Do you understand, Mr. Pedrea?

16                    DEFENDANT PEDREA:  [In English] Yes, sir.

17                    THE COURT:  Do you understand, Mr. Salazar?

18                    DEFENDANT SALAZAR:  [In English] Yes.

19                    THE COURT:  Now, gentlemen, I want to emphasize to

20     you that the district judge is not bound by any of the

21     sentencing recommendations that your attorney or the United

22     States make.  And if the district judge does not accept the

23     recommendation, you both will be bound by your guilty pleas,

24     and would not have the right to withdraw them.

25                    Do you understand, Mr. Pedrea?
```

1            DEFENDANT PEDREA:  [In English] Yes, sir.

2            THE COURT:  Do you understand, Mr. Salazar?

3            DEFENDANT SALAZAR:  [In English] Yes.

4            THE COURT:  Next, I'm going to address "Forfeiture Of

5    Assets," which can be found on Page 10 at Paragraph 12 of both

6    of your plea agreements.

7            Here, you agree to forfeit to the United States

8    immediately and voluntarily any and all assets and property or

9    portions thereof, which are subject to forfeiture, pursuant to

10   the applicable statutes.

11           Next, I'm going to address restitution, which can be

12   found on Page 13, Paragraph B1 of both of your plea agreements.

13           Now, restitution is normally limited to the conduct

14   in the count to which you plead guilty.  Here, you waive that

15   limitation and agree to make restitution to all victims.

16           I'm going to address your sentence appeal waiver,

17   which can be found on Page 17, Paragraph 7 of both of your plea

18   agreements.

19           Here, you agree that the Court has jurisdiction and

20   can sentence you up to the statutory maximum.  You also waive

21   your right to appeal your sentence on any ground, including

22   that the district judge made a mistake in calculating your

23   Sentencing Guidelines range.

24           Now, normally, a defendant convicted of an offense

25   can appeal his sentence on any ground.  You're waiving your

                      UNITED STATES DISTRICT COURT

 1   right to appeal your sentence except for four narrow

 2   exceptions.

 3           First, you can appeal your sentence if it exceeds the

 4   Guidelines range, as calculated by the district court.  Second,

 5   you can appeal your sentence if it exceeds the statutory

 6   maximum.  Third, you can appeal your sentence if it violates

 7   the Eighth Amendment to the United States Constitution.  And,

 8   fourth, you can appeal your sentence if the government appeals.

 9           Mr. Pedrea, do you understand what you're giving up

10   here?

11           DEFENDANT PEDREA:  [In English] Yes, sir.

12           THE COURT:  Are you making this waiver freely and

13   voluntarily?

14           DEFENDANT PEDREA:  [In English] Yes, sir.

15           THE COURT:  Mr. Salazar, do you understand what

16   you're giving up here?

17           DEFENDANT SALAZAR:  [In English] Yes.

18           THE COURT:  And are you making this waiver freely and

19   voluntarily?

20           DEFENDANT SALAZAR:  [In English] Yes.

21           THE COURT:  Now, gentlemen, both of your plea

22   agreements involve the dismissal of the charge in Count 2 and

23   an agreement not to pursue other charges.

24           Now, the district judge can only accept a plea

25   agreement that involves the dismissal of some charges or an

                    UNITED STATES DISTRICT COURT

 1  agreement not to pursue other charges if the district court

 2  finds that the remaining charge to which you plead guilty

 3  adequately reflects the seriousness of your actual offense

 4  behavior, and that by accepting the agreement, the Court will

 5  not be undermining the statutory purpose of sentencing.

 6          All right.  Mr. Pedrea, let me ask you one more time,

 7  are you willing to be bound by your entire plea agreement?

 8          DEFENDANT PEDREA:  [In English] Yes, sir.

 9          THE COURT:  And has anyone made any promises or

10  assurances to you, other than those that are reflected in your

11  plea agreement?

12          DEFENDANT PEDREA:  [Through The Interpreter] No, sir.

13          THE COURT:  Mr. Salazar, are you willing to be bound

14  by your entire plea agreement?

15          DEFENDANT SALAZAR:  [In English] Yes.

16          THE COURT:  And has none made any promises or

17  assurances to you, other than those reflected in your plea

18  agreement?

19          DEFENDANT SALAZAR:  [Through The Interpreter] Yes --

20  no, no.

21          THE COURT:  All right.  At this time, I'm going to

22  ask the prosecutor to state the facts which he believes the

23  United States would be able to prove beyond a reasonable doubt,

24  should your case proceed to trial.

25          I'm going to ask both of you to listen carefully,

                    UNITED STATES DISTRICT COURT

1    because after he's done stating those facts, I'm going to ask

2    you whether you agree with them.  It's also important because

3    the United States Probation Office may use these facts in

4    preparing their presentence investigation report.

5            Mr. Ruddy, whenever you're ready.

6            MR. RUDDY:  Yes, Your Honor.  Thank you.

7            Your Honor, these facts are essentially identical for

8    both defendants, unless I note otherwise.  And they are from

9    Pages 20 through 22 of their respective plea agreements.

10           On or about June 23rd, 2019, a military patrol

11   aircraft sighted a low-profile vessel the international waters

12   of the Eastern Pacific Ocean, approximately 170 nautical miles

13   west of Punta Arenas, Costa Rica.  The U.S. Coast Guard Cutter

14   VIGOROUS was patrolling in the vicinity, diverted to intercept,

15   and eventually launched its embarked small boat to pursue the

16   vessel.

17           Once on scene, the small boat gained positive control

18   of the go-fast vessel, and the embarked law enforcement

19   boarding team conducted a right-of-visit boarding to determine

20   the nationality, if any, of the subject vessel.  The

21   defendants, Prudencio Panameno Ramos, Sandro Pedrea Nunez, and

22   Segundo Aristbulo Ortiz Salazar, were the three crew members on

23   the low-profile vessel.  The right-of-visit boarding -- during

24   the right-of-visit boarding, Prudencio Panameno Ramos

25   identified himself as the master of the vessel and made a

1    verbal claim of Colombia, Colombian nationality for the vessel.

2    The vessel was not flying flag and had no other indicia of

3    nationality.

4           Pursuant to the United States-Colombian Bilateral

5    Agreement, the U.S. Coast Guard approached the government of

6    Colombia and requested confirmation of the registry and

7    nationality of the subject vessel.  The Colombian government

8    responded it could neither confirm nor deny the nationality of

9    the subject vessel.

10          Therefore, in accordance with Title 46 United States

11   Code Section 70502(c)(1)(A) and (d)(1)(C), the U.S. Coast Guard

12   treated the go-fast vessel as one without nationality and

13   therefore a vessel subject to the jurisdiction of the United

14   States.  At the time of interdiction by the Coast Guard, the

15   go-fast vessel was seaward of the territorial seas of any

16   nation and in international waters.

17          During a subsequent search of the go-fast vessel, the

18   boarding team located 158 bales containing approximately

19   2,130 kilograms of cocaine concealed in the bow of the vessel.

20   The boarding team conducted two narcotics identification field

21   tests on the seized contraband, both of which tested positive

22   for cocaine.

23          The respective defendants, Sandro Pedrea Nunez and

24   Segundo Aristbulo Ortiz Salazar, willingly agreed to transport

25   approximately 2,130 kilograms of cocaine aboard the subject

UNITED STATES DISTRICT COURT

1    vessel with their respective codefendants and others.  The

2    purpose of this agreement was to smuggle this cocaine into

3    Central America through international waters and distribute the

4    cocaine to other persons.  The respective defendants knew that

5    the bales onboard the subject vessel and seized by the U.S.

6    Coast Guard contained five kilograms or more of cocaine and

7    knew that the planned voyage was a drug smuggling venture.

8            Your Honor, prior to Document No. 31 of the pleading

9    log in this case, the government filed a notice of a prior

10   conviction of Mr. Salazar that was at Case Number 8:09 criminal

11   424 Tampa 33, in which the defendant was sentenced by District

12   Court Judge Virginia Covington on March 23rd, 2010 for a

13   violation of Title 46 United States Code Section 705031.

14           THE COURT:  Thank you, Mr. Ruddy.

15           MR. RUDDY:  Thank you, Your Honor.

16           THE COURT:  Mr. Ciaravella, are there any objections

17   to the facts as stated by the government?

18           MR. CIARAVELLA:  No objections, Your Honor.  However,

19   we will reserve the right to contest the exact amount.  It does

20   say "approximately," and we would stipulate that it is over

21   five kilograms, but the exact amount is not yet known.

22           THE COURT:  It's noted.

23           Mr. Irvin, any objections.

24           MR. IRVIN:  I echo Mr. Ciaravella.  No objections,

25   Your Honor.

                    UNITED STATES DISTRICT COURT

1          THE COURT:  Mr. Pedrea, are the facts as stated by

2     the government true?

3          DEFENDANT PEDREA:  [Through The Interpreter] May I

4     say something?  I don't know exactly how much was aboard.

5          THE COURT:  Okay.  Mr. Pedrea, do you agree that it

6     was at least five kilograms of cocaine onboard the vessel?

7          DEFENDANT PEDREA:  [In English] Yes, sir.

8          THE COURT:  Are all the other facts true?

9          DEFENDANT PEDREA:  [In English] Yes, sir.

10         THE COURT:  All right.  Thank you, Mr. Pedrea.

11         Mr. Salazar, do you agree with all the facts stated

12    by the government?

13         DEFENDANT SALAZAR:  [In English] Yes.

14         THE COURT:  All right.  The Court finds that there's

15    a factual basis for both of your pleas and will continue.

16         Mr. Pedrea, do you understand everything we've

17    discussed up to this point, including your right -- the rights

18    you'd be giving up by pleading guilty, the charge against you,

19    the potential penalties, the potential consequences, the

20    Sentencing Guidelines, and your plea agreement?

21         DEFENDANT PEDREA:  [In English] Yes, sir.

22         THE COURT:  When you're ready then, sir, I'll ask you

23    to please stand, and I will take your plea.

24         Mr. Pedrea, with respect to Count 1 of the

25    indictment, how do you plead, guilty or not guilty?

UNITED STATES DISTRICT COURT

```
 1                DEFENDANT PEDREA:  [Through The Interpreter] Guilty.
 2                THE COURT:  All right.  Thank you, sir.  You may be
 3      seated.
 4                Mr. Salazar, do you understand everything we've
 5      discussed up to this point, including your rights, the rights
 6      you'd be giving up by pleading guilty, the charge against you,
 7      the potential penalties, potential consequences, sentencing
 8      Guidelines, and your plea agreement?
 9                DEFENDANT SALAZAR:  [Through The Interpreter] Guilty.
10                THE COURT:  All right.  Let me just ask you the
11      question first, sir.  With respect to Count 1 of the
12      indictment, how do you plead, guilty or not guilty?
13                DEFENDANT SALAZAR:  [Through The Interpreter] Guilty.
14                THE COURT:  Thank you, sir.  You may be seated.
15                DEFENDANT SALAZAR:  [Through The Interpreter] Okay.
16                THE COURT:  Mr. Pedrea, are you pleading guilty
17      freely and voluntarily, and because you believe it is in your
18      best interest to do so?
19                DEFENDANT PEDREA:  [In English] Yes, sir.
20                THE COURT:  Mr. Salazar, are you pleading guilty
21      freely and voluntarily, because you believe it is in your best
22      interest to do so?
23                DEFENDANT SALAZAR:  [In English] Yes.
24                THE COURT:  Mr. Salazar, are you pleading guilty
25      because you are in fact guilty?
```

UNITED STATES DISTRICT COURT

```
 1              DEFENDANT SALAZAR:  [In English] Yes.

 2              THE COURT:  Mr. Pedrea, are you pleading guilty

 3    because you are in fact guilty?

 4              DEFENDANT PEDREA:  [In English] Yes, sir.

 5              THE COURT:  Mr. Pedrea, has anyone forced you,

 6    threatened you, coerced you, or intimidated you regarding your

 7    decision to plead guilty?

 8              DEFENDANT PEDREA:  [In English] No, sir.

 9              THE COURT:  Mr. Salazar, has anyone forced you,

10    coerced you, or intimidated you, or threatened you regarding

11    your decision to plead guilty?

12              DEFENDANT SALAZAR:  [Through The Interpreter] Yes --

13    no, no, no, no.

14              THE COURT:  All right.  Mr. Ruddy, were there any

15    promises or assurances or understandings given to the

16    defendant -- either defendant that differ from or are contrary

17    to what's in their plea agreements?

18              MR. RUDDY:  I'm unaware of no other promises, Your

19    Honor.

20              THE COURT:  All right.  Mr. Ciaravella, were there

21    any other promises or assurances that differ from or are

22    contrary to what's in your client's plea agreement?

23              MR. CIARAVELLA:  No, Your Honor, there were none.

24              THE COURT:  Mr. Irvin, same question?

25              MR. IRVIN:  There were no others, Your Honor.
```

UNITED STATES DISTRICT COURT

1          THE COURT:  All right.  Mr. Ruddy, is the United

2    States satisfied with the colloquies?

3          MR. RUDDY:  Yes, Your Honor.

4          THE COURT:  Mr. Ciaravella, are you satisfied with

5    the colloquy?

6          MR. CIARAVELLA:  Yes, I am, Your Honor.

7          THE COURT:  Mr. Irvin, are you satisfied with the

8    colloquy?

9          MR. IRVIN:  Yes, Judge.

10         THE COURT:  Mr. Irvin, are you satisfied your client

11   knows what he's charged with, you've had sufficient time to

12   counsel with your client, and that he's pleading guilty freely

13   and voluntarily with full knowledge of the consequences of his

14   plea.

15         MR. IRVIN:  Without a doubt, Your Honor.

16         THE COURT:  Mr. Ciaravelli, same question --

17   Ciaravella, same question?

18         MR. CIARAVELLA:  Yes, Your Honor.

19         THE COURT:  All right.  Mr. Pedrea, the Court is

20   prepared to make its findings in this case.  But before I do

21   so, I want to give you one last opportunity to ask me any

22   questions about anything we've gone over here this morning.

23         Do you have any questions for the Court?

24         DEFENDANT PEDREA:  [Through The Interpreter] No.

25         THE COURT:  Mr. Salazar, do you have any questions

                    UNITED STATES DISTRICT COURT

```
 1    for the Court?

 2                DEFENDANT SALAZAR:  [Through The Interpreter] No.

 3                THE COURT:  All right.  It's the finding of the Court

 4    in this case that both defendants are fully competent and

 5    capable of entering an informed plea.  The defendants are aware

 6    of the nature of the charge and the consequences of the plea,

 7    and that the pleas of guilty are knowing and voluntarily and

 8    supported by an independent basis in fact that satisfies each

 9    of the essential elements of the offense.

10                In my report to the district judge, I will therefore

11    recommend that each defendant's plea of guilty be accepted,

12    that the defendants be adjudged guilty, and that the

13    defendants' sentence be imposed accordingly.

14                Is there anything further from the government?

15                MR. RUDDY:  No, Your Honor.  Thank you.

16                THE COURT:  From the defense, Mr. Ciaravella?

17                MR. CIARAVELLA:  No, Your Honor.

18                THE COURT:  Mr. Irvin?

19                MR. IRVIN:  No, Your Honor.

20                THE COURT:  All right.  Thank you.  We're adjourned.

21                THE COURT SECURITY OFFICER:  All rise.

22         (Proceedings concluded at 11:03 a.m.)

23

24

25

                        UNITED STATES DISTRICT COURT
```

1                    **CERTIFICATE OF REPORTER**

2    STATE OF FLORIDA

3    COUNTY OF HILLSBOROUGH

4           I, Rebekah M. Lockwood, RDR, CRR, do hereby certify

5    that I was authorized to and did stenographically transcribe

6    the foregoing electronically recorded proceedings; and that the

7    foregoing pages constitute a true and complete computer-aided

8    transcription of my stenographic notes to the best of my

9    knowledge, skill, and ability.

10        I further certify that I am not a relative, employee,

11   attorney, or counsel of any of the parties, nor am I a relative

12   or employee of any of the parties' attorney or counsel

13   connected with the action, nor am I financially interested in

14   the action.

15        IN WITNESS WHEREOF, I have hereunto set my hand at Tampa,

16   Hillsborough County, Florida, on this 3rd day of August 2020.

17

18

19

20                        _____
                          REBEKAH M. LOCKWOOD, RDR, CRR
21                        Official Court Reporter
                          United States District Court
22                        Middle District of Florida

23

24

25